**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CARMEN MEJIA and RAYMUNDO MORATAYA,**

                  **Plaintiffs,**

**-vs-**                                                               **Case No. 6:09-cv-1348-Orl-31GJK**

**UNITED STATES OF AMERICA,**
**COMMUNITY HEALTH CENTERS, INC.,**
**and LAWRENCE DECKER,**

                  **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss Individually Named Defendants (Doc. 10) filed by Defendant United States of America ("USA"). The USA contends that Defendants Community Health Centers, Inc. ("Community Health") and Lawrence Decker ("Decker") are immune from suit under the Federal Tort Claims Act and the Federally Supported Health Centers Assistance Act. The Plaintiffs' response to the motion was due on or before October 26, 2009, but to date no such response has been filed.

The Plaintiffs contend that the Defendants committed medical malpractice during the prenatal care and birth of the Plaintiffs' son at Apopka Family Health Center. Community Health owned and operated Apopka Family Health Center, and Decker worked there and provided care to Plaintiff Carmen Mejia. (Doc. 1 at 2-3). The Plaintiffs allege that Community Health and Decker were employees of the USA during the pertinent time frame. (Doc. 1 at 2, Doc. 9 at 2). Defendant USA admits in its answer that, for purposes of the Federally Supported Health Centers Assistance

Act, Community Health and Decker are deemed to have been employees of the USA during that period. (Doc. 9 at 2). Defendant USA further admits that Community Health and Decker were acting within the course and scope of their employment in regard to the actions alleged in the Complaint. (Doc. 9 at 1).

The Plaintiffs have asserted medical malpractice claims against the Defendants under both the Federal Tort Claims Act and Chapter 766, Florida Statutes. However, the Federal Tort Claims Act provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). *See also Celestine v. Mount Vernon Neighborhood Health Center*, 289 F.Supp.2d 392 (S.D.N.Y. 2003). Thus the Plaintiffs cannot pursue medical malpractice claims against any of these Defendants under Chapter 766, Florida Statutes, and they cannot pursue individual claims against Community Health or Decker under the Federal Tort Claims Act. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Individually Named Defendants (Doc. 10) is **GRANTED**, and the claims against Defendants Community Health Centers, Inc. and Lawrence Decker are **DISMISSED WITH PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 5, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Unrepresented Party